# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:09-cv-00368-W

| | |
|---|---|
| SHEILA ROSE, | ) |
|     Plaintiff, | ) |
| vs. | ) |
| NOVANT MEDICAL GROUP, INC. f/k/a PRESBYTERIAN REGIONAL HEALTHCARE CORP., MARIDEE HART, KATHRYN GOODE, JOANNA HOLDER, and MIRIAM GILLIAM, | ) ORDER ) ) ) ) |
|     Defendants. | ) |

THIS MATTER is before the Court on Defendants' Motion to Dismiss the Complaint (Doc. No. 12), which was filed October 9, 2009. Plaintiff, who appears *pro se* in this matter, did not initially respond to Defendants' motion, and on November 25, 2009, out of an abundance of caution,[1] the Court sent Plaintiff a notice informing her of her right to respond, as well as her burden of showing that this Court has subject matter jurisdiction over her claims. (Doc. No. 15). Although the time under the rules for responding to Defendants' motion had expired, the Court's notice gave Plaintiff additional time, until December 11, 2009, to file a response. The notice cautioned Plaintiff that her failure to respond may result in Defendants being granted the relief sought in the motion, that is, the dismissal of the Complaint. Plaintiff has failed to file any response to Defendants'

---

[1] The Court provided notice to Plaintiff pursuant to a liberal interpretation and application of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The specific language of Roseboro addressed the responsive burden for a pro se party in the context of a motion for summary judgment, whereas the instant motion moves to dismiss for lack of subject matter jurisdiction, which carries a similar, but different, responsive burden than that to survive a Rule 56 motion. In light of the fact Plaintiff appears pro se and carries a burden to show the existence of subject matter jurisdiction, the Court felt compelled to provide Plaintiff notice of that burden similar to the notice discussed in the Roseboro case.

motion, even after receiving the notice, and the time for doing so has long expired.

Because the deadline for Plaintiff to respond has passed without any response, the Court finds Defendants' Motion to Dismiss to be unopposed. The Court has also reviewed Defendants' motion and its supporting memorandum of law, as well as Plaintiff's pro se complaint and the exhibits thereto. The Court finds that Defendants' legal arguments are in accord with current case law and that the relief sought is both just and reasonable. Inasmuch as it is unopposed, Defendants' supporting memorandum of law (Doc. No. 13) is hereby incorporated by reference as if fully set forth herein.

This Court is a court of limited subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). When a district court lacks subject matter jurisdiction over an action, the action must be dismissed. Arbaugh v. Y & H Corp., 546 U.S. 500, 506-07, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). "When, as here, a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982) ("The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction.")).

Plaintiff's pro se complaint alleges claims for discrimination (specifically asserting causes of action for retaliation and hostile work environment) arising out of her employment relationship with Defendants. On June 13, 2008, Plaintiff resigned her position with Defendant Novant. Two hundred and thirteen (213) days later, on January 12, 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On May 27, 2009, the EEOC

issued a Dismissal and Notice of Right to Sue concluding that Plaintiff's Charge of Discrimination was not timely filed with the EEOC.

To maintain a lawsuit based on discrimination, a plaintiff must file her charge of discrimination with the EEOC within 180 days of the allegedly discriminatory act. 42 U.S.C.A. § 2000e-5(e)(1); see also Millican v. Hickory Springs Mfg. Co., 98 F.3d 1335 (4th Cir. 1996) (unpublished) ("To maintain a Title VII retaliation action, a claimant must establish that he filed a claim with the EEOC within 180 days of the alleged discriminatory act."); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) (for a hostile environment claim to be timely, the employee needs to file a charge within 180 days of any act that is part of the hostile work environment). Here, even if Plaintiff had filed a response, her own complaint establishes that she failed to satisfy the jurisdictional requisite of filing her claims with the EEOC within 180 days. Accordingly, this Court lacks subject matter jurisdiction over the Complaint, and it must be dismissed.

Because the Court lacks subject matter jurisdiction, it need not address those portions of Defendants' motion moving to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court notes, however, that to the extent subject matter jurisdiction exists, the Court's prior adoption and incorporation by reference of Defendants' unopposed memorandum demonstrates that Defendants would be entitled to dismissal of the Complaint under that rule, as well.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. No. 12) is GRANTED.

IT IS SO ORDERED.

Signed: January 13, 2010

Frank D. Whitney
United States District Judge